**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| IN RE | : | CHAPTER 13 |
| | : | |
| ALEATHA JESSIE | : | CASE NO: 16-10131ELF |
| | : | |
| Debtor | : | |
| _____ | : | |

**DEBTOR'S MOTION TO ENTER CHAPTER 13 DISCHARGE**

The Debtor, through counsel, hereby moves the Court for an order granting the Debtor a discharge pursuant to 11 U.S.C. § 1328(a).   In support of this motion Debtor avers:

1.      Debtor filed a petition under Chapter 13, title 11 of the U.S. Code, on January 7, 2016.

2.      Debtor's confirmed plan, as modified, provides for Debtor to pay a total maximum "base amount" of $24,903.47, to the Standing Chapter 13 Trustee.   Doc. No. 19.   The plan length is fifty-three (53) months.

3.      Debtor completed all her payments to the Trustee on or about May 8, 2020.

4.      As of the date of this Motion, the Trustee has not completed all disbursements of funds to creditors, nor has the Trustee issued a final report pursuant to Local Bankr. R. 4004-2. However, nothing in the Bankruptcy Code or Rules condition discharge upon either event.   See, e.g., In re Celeste, 310 B.R. 286 (Bankr.Md., 2004) ("If . . . all payments have been made by the debtor and successfully collected by the Trustee, then a debtor's request for an immediate entry of an Order of Discharge must be granted.").

5.      Local Bankr. R. 4004-3 makes clear that "a debtor may file a motion for entry of a discharge before or after a Trustee's Final Report is filed."

6.      Debtor has not received a discharge in a case filed under Chapter 7, 11, or 12 in the four-year period preceding the date of the order for relief under this Chapter and has not received a discharge in a case filed under Chapter 13 in the two-year period preceding the date of such order.

7.      Debtor has completed, after the filing of this case, the Personal Financial Management course required by 11 U.S.C. §1328(g)(1).

8.      Debtor has no domestic support obligations.

9.      Debtor has not claimed any homestead exemption under 522(b)(3)(A).   Doc No. . Debtor is not liable for a debt of the kind described in 11 U.S.C. §522(q)(1)(B).

10.     Debtor is eligible for discharge under all applicable Bankruptcy laws and rules.

WHEREFORE, Debtor prays that the Court enter an order granting a discharge pursuant to 11 U.S.C. § 1328(a).

RESPECTFULLY SUBMITTED,

/s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Attorney for the Debtor
Community Legal Services of Philadelphia
1410 W Erie Avenue
Philadelphia PA 19140
(215) 227-4795
(215) 227-2435
amadrid@clsphila.org