United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-10131-elf
Aleatha Jessie                                                          Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: YvetteWD           Page 1 of 2              Date Rcvd: Jul 17, 2020
                              Form ID: 3180W           Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 19, 2020.
db            +Aleatha Jessie,    4539 Tolbot,    Philadelphia, PA 19136-1417
13734670       American InfoSource LP as agent for,    DIRECTV, LLC,    PO Box 5008,
                Carol Stream, IL  60197-5008
13680424      +Dept of Ed/MOHELA,    633 Spirit Dr,    Chesterfield MO 63005-1243
13657792      +Police and Fire Federal Credit Union,    901 Arch St.,    Philadelphia, PA 19107-2495
13754557      +U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PE,    PHFA Loan Servicing Division,
                211 North Front Street,    Harrisburg, PA 17101-1466

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: megan.harper@phila.gov Jul 18 2020 05:21:03      City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA  19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 18 2020 05:20:24
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 18 2020 05:20:46      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13746657       E-mail/Text: megan.harper@phila.gov Jul 18 2020 05:21:03      City of Philadelphia,
                Law Department Tax Unit,    Bankruptcy Group, MSB,    1401 John F. Kennedy Blvd., 5th Floor,
                Philadelphia, PA  19102-1595
13737521      +E-mail/Text: bncmail@w-legal.com Jul 18 2020 05:20:40      Cerastes, LLC,
                C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
13737695       EDI: Q3G.COM Jul 18 2020 09:03:00      Department Store National Bank,    c/o Quantum3 Group LLC,
                PO Box 657,    Kirkland, WA  98083-0657
13657785       EDI: IRS.COM Jul 18 2020 09:03:00      Internal Revenue Service,    PO Box 7346,
                Philadelphia, PA 19101-7346
13707957       EDI: CAUT.COM Jul 18 2020 09:03:00      JPMorgan Chase Bank, N.A.,
                National Bankruptcy Department,    P.O. Box 29505 AZ1-1191,    Phoenix, AZ 85038-9505
13725030      +EDI: AGFINANCE.COM Jul 18 2020 09:03:00      OneMain Financial Group, LLC,    6801 COLWELL BLVD,
                IRVING TX 75039-3198
                                                                                              TOTAL: 9

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 19, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 17, 2020 at the address(es) listed below:
              ALFONSO G. MADRID    on behalf of Debtor Aleatha  Jessie amadrid@clsphila.org
              ALFONSO G. MADRID    on behalf of Plaintiff Aleatha  Jessie alfonsomadridlawECF@gmail.com
              JOSHUA I. GOLDMAN    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION
               Josh.Goldman@padgettlawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    Pennsylvania Housing Finance  Agency
               bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank National Association (Trustee for the
               Pennsylvania Housing Finance Agency) bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Defendant    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Defendant    Pennsylvania Housing Finance Agency
               bkgroup@kmllawgroup.com
              LEON P. HALLER    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION lhaller@pkh.com,
               dmaurer@pkh.com;mgutshall@pkh.com
              OneMain Financial    cbp@omf.com

```
District/off: 0313-2               User: YvetteWD               Page 2 of 2                    Date Rcvd: Jul 17, 2020
                                   Form ID: 3180W               Total Noticed: 14
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        THOMAS I. PULEO    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com

        THOMAS I. PULEO    on behalf of Defendant    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com

        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com

        TOTAL: 13

| Information to identify the case: | |
|---|---|
| Debtor 1 **Aleatha Jessie**<br>First Name   Middle Name   Last Name | Social Security number or ITIN   **xxx–xx–2094**<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing)   First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | |
| Case number:   **16–10131–elf** | |

# Order of Discharge                                                                                              12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Aleatha Jessie

7/17/20                                                                                  **By the court:**     Eric L. Frank
                                                                                                                 United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**